

|  |  |  |
|---|---|---|
| | **U.S. Department of Justice** | |
| | **Tax Division** | |
| *Trial Attorney: Christopher J. Williamson* <br> *Tel: 202-307-2250 / Fax: 202-514-6866* <br> *Christopher.J.Williamson@usdoj.gov* | *Please reply to:* | Civil Trial Section, Eastern Region <br> P.O. Box 227 <br> Washington, D.C. 20044 |

REZ:DSM:CJWilliamson                                           DJ 5-35-12732 / CMN 2020100853

June 12, 2020

The Honorable Ellen L. Hollander
United States District Court for the District of Maryland
101 W. Lombard St., Chambers 5B
Baltimore, MD 21201

      Re:    *Amador, et al., v. Mnuchin, et al.*, 1:20-cv-01102-ELH (D. Md.)

Dear Judge Hollander,

Pursuant to the Court's May 14, 2020 order, Dkt. 30, the United States submits this letter briefly replying to plaintiffs' June 5, 2020 letter, Dkt. 36.

                                                     Respectfully submitted,

                                                     */s/ Christopher J. Williamson*
                                                     CHRISTOPHER J. WILLIAMSON
                                                     JORDAN A. KONIG
                                                     Trial Attorneys

Plaintiffs challenge the constitutionality of 26 U.S.C. § 6428(g)(1)(B), which is a specific requirement to obtain a tax credit. They ignore the Internal Revenue Code's effect on jurisdiction and standing in this case. They also attempt to expand constitutional rights well beyond any precedent. Rule 12(b) dismissal, therefore, is warranted.

***Jurisdiction:***  Plaintiffs argue APA jurisdiction exists because they do not seek a tax refund, only prospective declaratory and injunctive relief. *See* Dkt. 36 at 3-5. Their asserted injury – the denial of immediate payment of the CARES Act credit – belies that argument. They seek a declaration that section 6428(g)(1)(B) is unconstitutional so they may receive a tax credit as an advance refund. *See* Dkt. 31, ¶¶43-44 (challenging exclusion from "recovery payments"). Their artful pleading does not make that an APA claim; they must challenge any future credit denial by submitting a claim to the IRS, then, if denied, by filing a section 7422 refund suit.

APA jurisdiction is limited to "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Plaintiffs cite no case supporting APA jurisdiction in this case. In *King v. Burwell*, which concerned the final rule implementing an Affordable Care Act tax credit, the Fourth Circuit held a section 7422 action would not grant an adequate remedy to taxpayers seeking to avoid "the lose-lose (in their minds) of purchasing a product they do not want or paying a penalty." 759 F.3d 358, 366-67 (4th Cir. 2014). By contrast, a successful refund suit here would adequately remedy the injury plaintiffs assert – the improper denial of a section 6428(a) tax credit. *Cohen v. United States* challenged as arbitrary and capricious the IRS' chosen method to return illegally collected telephone excise tax and sought an order requiring the IRS to implement new refund procedures. *See* 650 F.3d 717, 720-21 (D.C. Cir. 2011) (en banc). The D.C. Circuit held section 7422 did not grant an adequate remedy because plaintiffs could not recover the excise tax until new administrative procedures had been implemented. *See id.* at 731.

Here, if plaintiffs prevail in a refund suit, no new procedures are necessary to process this credit.

While plaintiffs are correct that they cannot file a section 7422 suit now, *see* Dkt. 36 at 4, that is because the 2020 tax year has not ended, so their entitlement to the credit has not been finally determined. In addition, there is no justiciable right to advance payment. Finally, plaintiffs cannot avoid section 7422 by claiming administrative review would be futile. *See Freedom from Religion Found., Inc. v. Lew*, 773 F.3d 815, 822-25 (7th Cir. 2014).

**Standing:**  Plaintiffs allege no actual or imminent injury to establish standing. *First*, it is not inevitable they will be denied a credit or that section 6428(g)(1)(B) will be the cause. As the 2020 tax year has not yet ended, they may still become eligible for a CARES Act credit or may become ineligible for a reason other than the SSN requirement of section 6428(g)(1)(B). Their 2020 income may exceed the limitations set forth in section 6428(c), or their spouses may receive SSNs in 2020 entitling them to claim the credit on a joint return. Those uncertainties – multiplied by all named plaintiffs and purported class members – show plaintiffs cannot establish a live case or controversy permitting the Court's involvement. *Second*, any delay in receiving the credit does not constitute an injury because no one is statutorily *entitled* to advance refund of the credit. An individual filer, who earned $100,000 in 2019 but will earn only $50,000 in 2020, will not receive an advance refund but would be eligible to claim full amount of the credit on a 2020 return. Those individuals, like plaintiffs, have not been injured. *Third*, given the lack of inevitable harm or entitlement to an advance refund, any "barrier" in section 6428(g)(1)(B) to immediately claiming the credit does not create a cognizable injury.

**Fifth Amendment:**  It is true that "the right to marriage extends beyond the act of entering into the marriage contract," Dkt. 36 at 8, but it does not reach as far as plaintiffs assert. Where the state does not recognize a marriage, the harm caused by the non-recognition continues

past the ceremony. But not all regulations *related* to marriage burden the *right* to marry. *See Zablocki v. Redhail*, 434 U.S. 374, 386-87 (1978). Only those classifications unlawfully impacting the *ability* to marry or *recognition* of a marriage violate the right, so courts, including each one cited by plaintiffs, permit Congress to draw reasonable distinctions involving marriage.

In *United States v. Windsor*, a section 7422 refund action, the Supreme Court struck down a portion of the Defense of Marriage Act (DOMA) excluding same-sex partners from the definition of "spouse" in federal statutes. *See* 570 U.S. 744, 752 (2013). DOMA violated the right to marry because it "deprived same-sex couples of the benefits and responsibilities that come with federal recognition of their marriages." *Id.* at 770. Congress, however, "in enacting discrete statutes, can make determinations that bear on marital rights and privileges." *Id.* at 764.

In *Bostic v. Schaeffer*, the Fourth Circuit held Virginia violated the right to marry by prohibiting and refusing to recognize same-sex marriages. *See* 760 F.3d 352, 367 (4th Cir. 2014). The Court recognized that "strict scrutiny only applies when laws 'significantly interfere'" with the right to marry. *Id.* at 377 (quoting *Zablocki*, 434 U.S. at 386-87).

Finally, in *Obergefell v. Hodges*, the Supreme Court held "same-sex couples may exercise the fundamental right to marry." 135 S. Ct. 2584, 2605 (2015). The Court noted "it would be contradictory 'to recognize a right of privacy with respect to other matters of family life and not with respect to the *decision to enter* the relationship that is the foundation of the family in our society.'" *Id.* at 2599 (quoting *Zablocki*, 434 U.S. at 386 (emphasis added)).

These cases involve statutes precluding or not recognizing marriages, which burden the right to marry by fundamentally affecting the ability to enter marriage. By contrast, section 6428(g)(1)(B) does not implicate marriage; it precludes claiming a tax credit on a joint return unless both spouses' SSNs are included. It does not interfere with the right to marry and falls

within Congress' broad authority to efficiently administer its programs and choose "what larger goals and policies to pursue." *Windsor*, 570 U.S. at 764-65 (discussing 8 U.S.C. § 1186a(b)(1), which precludes immigrant status to those who marry for purposes of admission to the United States, "even if the noncitizen's marriage is valid and proper for state-law purposes"). At most, section 6428(g)(1)(B) distinguishes between marital statuses, which is permitted as long as there is a rational basis to do so and a reasonable relation to a legitimate interest. *See* Dkt. 35 at 8-9.

*First Amendment:* Plaintiffs acknowledge they can claim a credit on a separately filed return but argue that doing so would violate their speech and association rights. *See* Dkt. 36 at 10-12. Because nothing requires separate filing, neither right is implicated. In any event, filing a separate return does not violate any of their speech rights. Filing status is not expressive. To the extent that they wish to express their status to the public, they cannot do so through "speech" to the IRS since the IRS must strictly protect confidential tax return information. *See* 26 U.S.C. § 6103. Likewise, their association rights are unburdened because section 6428(g)(1)(B) does not deny "symbolic recognition" of their marriage. Filing as "married filing separately" to claim the credit is not inconsistent with proclaiming oneself "married." If they file "married filing jointly" for 2020 and are denied a credit, it is because they did not qualify for the credit – not because of any expression of intimate association. In addition, they cite no case supporting their arguments. *See Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749 (1985) ("speech on matters of purely private concern is of *less First Amendment concern*") (emphasis added); *Regan v. Taxation With Representation of Wash.*, 461 U.S. 540, 545 (1983) (finding no violation of speech rights of group that was denied tax-exempt status due to its involvement in lobbying activities); *Perry v. Sindermann*, 408 U.S. 593, 597 (1972); *Speiser v. Randall*, 357 U.S. 513, 518 (1958). In sum, section 6428(g)(1)(B) does not violate the First Amendment.