

**National Headquarters**
MALDEF Nonprofit Center
634 S. Spring Street, 12th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Atlanta
Program Office**
500 W. Lanier Ave.
Suite 908
Fayetteville, GA 30215
*Tel:* 470.878.0785

**Chicago
Regional Office**
11 East Adams Street
Suite 700
Chicago, IL 60603
*Tel:* 312.427.0701
*Fax:* 312.427.0691

**Los Angeles
Regional Office**
634 S. Spring Street,
11th Fl.
Los Angeles, CA 90014
*Tel:* 213.629.2512
*Fax:* 213.629.0266

**Sacramento
Program Office**
1512 14th Street
Sacramento, CA 95814
*Tel:* 916.444.3031
*Fax:* 916.444.7207

**San Antonio
Regional Office**
110 Broadway
Suite 300
San Antonio, TX 78205
*Tel:* 210.224.5476
*Fax:* 210.224.5382

**Washington, D.C.
Regional Office**
1016 16th Street, NW
Suite 100
Washington, DC 20036
*Tel:* 202.293.2828

July 23, 2020

The Honorable Ellen L. Hollander
United States District Court for the District of Maryland
101 W. Lombard St., Chambers 5B
Baltimore, MD 21201

  Re: *Amador, et al., v. Mnuchin, et al.*, 1:20-cv-01102-ELH (D. Md.)

Dear Judge Hollander,

    Plaintiffs submit this letter in response to the *amicus curiae* brief filed by the Federation for American Immigration Reform ("FAIR"). *See* Dkt. 38. In its brief, FAIR mischaracterizes Plaintiffs and their claims and manufactures legal disputes that have nothing to do with this case.

    FAIR first claims falsely that the individuals seeking to vindicate their constitutional rights in this case are "illegal aliens." FAIR ltr. at 2. FAIR's further assertion that the proposed plaintiff class "contain[s] illegal alien members" is similarly false. *Id.* Plaintiffs alleged that they are U.S. citizens and seek to represent a class of U.S. citizens. Dkt. 38 at ¶¶ 4-19, 66.

    Second, FAIR errs in analogizing this case to immigration removal cases.[1] This case is not about immigration removal and Plaintiffs have not been ordered removed. For that reason, FAIR's reliance on immigration removal cases to argue that "Plaintiffs have not shown a fundamental right," and that Plaintiffs' claims should be evaluated under the rational basis standard, is misplaced.

---

[1] The cases on which FAIR relies are inapposite because they rejected claims of immigrants who had been ordered removed that they had a fundamental right to reside with their families in the U.S. *See, e.g. De Mercado v. Mukasey*, 539 F.3d 1102, 1107 n.5 (9th Cir. 2008) (dismissing petition for review of denial of cancellation of removal); *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076 (9th Cir. 2010) (denying petition for review of denial of adjustment of status); and *Gonzalez-Cuevas v. INS*, 515 F.2d 1222 (5th Cir. 1975) (denying petition for review of orders of deportation).

The Honorable Ellen L. Hollander
July 23, 2020
Page 2 of 2

Third, FAIR mistakenly characterizes this case as one invoking protection of taxpayer information from disclosure to other governmental agencies. It is not. *Compare* Dkt. 31 ¶ 55 (passing reference to statute that protects taxpayer information) *with* FAIR ltr. at 4 (arguing that "plaintiffs' cause of action relies on [the] IRS privacy law"); *see also* Dkt. 40 (Defendants' response to FAIR Amicus) (noting that "this assertion is irrelevant to the current proceedings[.]"). FAIR's attempt to draw the Court into a debate about the constitutionality of 8 U.S.C. § 1373, which addresses the sharing of immigration status information with U.S. ICE, is completely unrelated to Plaintiffs' claims. The IRS' internal policy of protecting taxpayer information, which FAIR claims is illegal and in violation of 8 U.S.C. § 1373, is not at issue here.

Finally, FAIR's letter mangles both the CARES Act and federal public benefits law. FAIR claims that "no plaintiff or proposed class member would be eligible for [federal public] assistance [because] [t]heir alien spouses are not 'qualified aliens' as defined by federal welfare reform law." FAIR Ltr. at 5 (citing 8 U.S.C. § 1611(c)(2)). That is wrong in two different ways. As an initial matter, the CARES Act does not limit eligibility for recovery payments to "qualified aliens" as claimed by FAIR. 26 U.S.C. § 6428(d)(1) (providing that a "resident alien" can be eligible for recovery payment). Furthermore, the federal public benefits statute on which FAIR relies to claim that "no plaintiff or proposed class member would be eligible for [recovery payment] assistance," 8 U.S.C. § 1611(a), does not apply to U.S. citizens such as Plaintiffs and proposed class members.

In sum, FAIR mischaracterizes Plaintiffs and the proposed class, mischaracterizes Plaintiffs' causes of action, and mischaracterizes the CARES Act (as well as other federal statutes). Plaintiffs respectfully urge this Court to decline to ride FAIR's immigration hobby-horse far afield of the issues raised in this case.

Sincerely,

*Nina Perales*

Nina Perales
Vice President of Litigation