# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUANA RUEDA, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 1:20-cv-01102-ELH |
| | ) | |
| v. | ) | |
| | ) | |
| JANET YELLEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## THE UNITED STATES' RESPONSE TO THE COURT'S FEBRUARY 4, 2022 ORDER

Pursuant to the order dated February 4, 2022 (Doc. No. 80), the United States refers the Court to Judge Grimm's Memorandum Opinion granting summary judgment in favor of the United States in *R.V. v. Mnuchin*, 8:20-cv-1148-PWG, --- F. Supp. 3d ---, 2021 WL 5140202 (D. Md. Nov. 4, 2021). Judge Grimm rejected a Fifth Amendment equal protection challenge to the Social Security number requirement contained in 26 U.S.C. § 6428(g)(1) (the "SSN requirement"). In reaching his decision, Judge Grimm addressed many of the issues presented by Rueda's Second Amended Complaint, which also challenges the same SSN requirement. In considering whether the Second Amended Complaint states a claim,[1] this Court should likewise "conclude that the [SSN

---

[1] The United States moved to dismiss *Rueda* under both Rule 12(b)(1) and 12(b)(6). (Doc. No. 73.) The United States argued that this Court lacks subject matter jurisdiction under both the Anti-Injunction and Declaratory Judgment Acts because the Second Amended Complaint seeks to restrain the assessment or collection of tax. (Doc. 73-1 at 9-15.) Judge Grimm's opinion does not address that issue.

19355089.1

requirement] is subject to rational basis review, and that the statute satisfies that highly deferential standard."  *Id.* at *11.

*First*, there is substantial overlap between the claims at issue in both *R.V.* and *Rueda*, which this Court previously recognized.  *See* Doc. No. 43 at 3 n.3 (taking judicial notice of *R.V.*, "a related lawsuit challenging § 6428(g)").  Both cases involve Fifth Amendment equal protection challenges to the SSN requirement based on the immigration status of plaintiffs and their family members.[2]  Although *R.V.* centered on parents' immigration status and not marital status, the rationale underlying the decision applies equally here because the relevant distinction challenged in both cases, at its core, is based on immigration status.  In fact, Judge Grimm notes that his decision "is consistent with that of the Central District of California in *Doe v. Trump*, Case No. 820CV00858SVWJEM, 2020 WL 5076999 at *9 (C.D. Cal. July 8, 2020), which considered similar arguments and reached the same conclusions in denying a citizen-plaintiff's motion for a temporary restraining order."  *R.V.*, 2021 WL 5140202, at 2 n.4.  In its motion to dismiss Rueda's complaint, the United States relied extensively on the Central District's rejection of claims that section 6428(g) unconstitutionally violated plaintiffs' martial rights.  (Doc. No. 73-1 at 16-23.)

The complaints in both *R.V.* and *Rueda* sought $500 per child.  *R.V.* was brought as a putative class action by "the minor citizen-children of undocumented immigrants .

---

[2] Rueda's Second Amended Complaint raises First Amendment challenges, which are not at issue in *R.V.* and therefore not addressed in Judge Grimm's decision.

2

. . and their undocumented parents," and challenged the denial of $500 per child based on the SSN requirement.  2021 WL 5140202, at *1.  The *R.V.* plaintiffs claimed that the SSN requirement violated the children's "implied right to equal protection under the Fifth Amendment," because "they are subject to disparate treatment based on their parents' immigration status as compared to American citizen-children with two American citizen-parents."  *Id.*

*Rueda* now presents a far narrower issue.  The Second Amended Complaint was brought on behalf of a putative class of individuals who have one or more children who reached the age of 17 in 2020.  (*See* Doc. No. 66.)  It alleges that the SSN requirement violated Rueda's rights under the First and Fifth Amendments.  Rueda contends that, had the SSN requirement been removed from the original version of section 6428, she would have received $500 as an advance refund on account of her daughter because she did not turn 17 in 2019, when eligibility for the advance refund was determined. (*See id.* at ¶ 5.)

In other words, Rueda's Second Amended Complaint only raises allegations by taxpayers that did not receive an *advance* refund for failing to satisfy the SSN requirement of the original version of section 6428 *and* who had a child turn 17 in 2020. By contrast, the plaintiffs in *R.V.* challenged the denial of $500 for *all* children, whose parents lacked an SSN, *either* as an advance credit under section 6428(f) *or* a credit on a 2020 return under section 6428(a).  That fact that *R.V.* addressed claims involving all such children means that its rationale should apply equally to the narrower case here of children who turned 17 in 2020.

*Second*, Judge Grimm applied the "highly deferential" rational basis standard in evaluating plaintiffs' claims.  *R.V.*, 2021 WL 5140202, at *10.  The United States "raise[d] several compelling arguments for why rational basis review must apply to § 6428(g)." *Id.* at *6.  It argued "quite correctly, that § 6428(d)(2) excludes all children from the definition of individuals eligible for the CARES Act tax credit, whether their parents are citizens, non-citizens authorized to work, or non-citizens without such authorization." *Id.*  Next, "accepting the Plaintiffs' characterization of § 6428(g) as discriminating based on alienage would require the Court to read into the SSN requirement language that simply is not there."  *Id.*  Finally, and "most compellingly," "even accepting the Plaintiffs' theory of discrimination based on alienage or immigration status, the Supreme Court and other federal courts have applied rational basis analysis to such classifications, and in doing so have demonstrated extreme deference to the Congressional and Executive branches."  *Id.*

Ultimately, it "makes no difference whether I accept the Plaintiffs' or Defendants' reading of § 6428(g)."  *Id.* at *10.  Either "the statute differentiates between individuals authorized to work in the United States and individuals who are not authorized to work in the United States, in which case the statute implicates no suspect or quasi-suspect class and *rational basis review applies*, or the statute differentiates based on immigration status, in which case Congress is entitled to extraordinary deference, and *rational basis review applies*."  *Id.* (emphasis added).

*Third*, Judge Grimm held that the SSN requirement did not violate the implied equal protection rights embodied in the Fifth Amendment because it was rationally

related to legitimate government interests, namely efficiency and resource preservation. *R.V.*, 2021 WL 5140202, at \*10-11.  The Court recognized that, "Congress may have limited the distribution of CARES Act Credits to individuals with SSNs due to 'administrative exigency.'  Def. Motion at 23-24 (citing *Doe v. Trump*, 2020 WL 5076999 at \*4-5)."  *R.V.*, 2021 WL 5140202, at 10.  And, "the Government offers that another 'justification for the SSN requirement is that Congress decided to allocate refundable tax credits only to individuals authorized to work in this country, given the scarcity of government resources during the pandemic emergency.'"  *Id.* (quoting Def. Motion at 23-24).  Further, Judge Grimm concluded that plaintiffs had not "satisfied their 'heavy burden of negating every conceivable basis which might reasonably support the challenged classification'" because they did not "meaningfully respond to the reasons proffered in the Government's Motion for Summary Judgment—efficiency and resource preservation."  *R.V.*, 2021 WL 5140202, at 10 (quoting *Van Der Linde Housing, Inc. v. Rivanna Solid Waste Authority*, 507 F.3d 290, 293 (4th Cir. 2007)).

//

//

//

//

//

//

//

5

Judge Grimm's memorandum opinion and order in *R.V.* is consistent with the arguments previously made by the United States in this action.  Accordingly, this Court should conclude that the SSN requirement did not violate Rueda's Fifth Amendment rights.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General,

*/s/ Christopher J. Williamson*
CHRISTOPHER J. WILLIAMSON
JORDAN A. KONIG
NISHANT KUMAR
Trial Attorneys, Tax Division
United States Department of Justice
P.O. Box 55
Washington, DC 20044
Tel: (202) 305-7917
Fax: (202) 514-5238
christopher.j.williamson@usdoj.gov
*On behalf of the United States*

**Certificate of Service**

I certify that on February 10, 2022, I electronically filed the foregoing United States' Response to the Court's February 4, 2022 Order. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Christopher J. Williamson*
CHRISTOPHER J. WILLIAMSON
Trial Attorney, Tax Division
U.S. Department of Justice