UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| JUANA RUEDA, ) | |
| ) | |
| Plaintiff, ) | Civ. No. 1:20-cv-01102-ELH |
| ) | |
| v. ) | |
| ) | |
| JANET YELLEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO THE COURT'S FEBRUARY 4, 2022 ORDER**

In its order of February 4, 2022 the Court asked the parties to inform the Court of any "decisions from other courts addressing the circumstances presented in the Second Amended Complaint." Dkt. 80. Plaintiff Rueda provides the following information in response to the Court's request.

**Plaintiff has Identified no Cases that Challenge the Same Provisions of the CARES Act**

In her second amended complaint, Plaintiff Rueda challenges 26 U.S.C. § 6428(g)(2)(B), 26 U.S.C. §§ 6428(f)(1)-(2), and 26 U.S.C. § 6428(f)(3)(A), which are provisions of the CARES Act as amended by Congress on December 27, 2020. These provisions denied her an advance refund (referred to herein as a "credit") to which she would otherwise have been entitled but for the fact that she is married to a spouse who lacks a social security number. Specifically the challenged provisions denied her a $500 credit for her dependent son born in 2003.

1

Plaintiff Rueda is unaware of any litigation brought by U.S. citizen taxpayers challenging the provisions that she challenges in her second amended complaint. As shown in the chart below, following enactment of the original CARES Act, a number of individuals filed suit challenging the Act's limitations on credits. However, after Congress amended the CARES Act on December 27, 2020, many of those cases became moot.

Below are cases challenging the original CARES Act and their current status:

| Case Title | Case Number | U.S. District Court | Case Status |
| --- | --- | --- | --- |
| *Doe v. Trump et al.* | 1:20-cv-02531 | Northern District of Illinois | Dismissed upon Plaintiff's request after CARES Act Amendments |
| *Doe et al. v. Trump et al.* | 8:20-cv-00858 | Central District of California | Plaintiffs voluntarily dismissed appeal of denial of MSJ following CARES Act amendments |
| *Uzoegwu v. Mnuchin et al.* | 1:20-cv-03264 | Southern District of New York | Stipulation of dismissal after CARES Act Amendments |
| *Does v. Trump et al* | 2:20-CV-00704 | Eastern District of Wisconsin | Case stayed pending resolution in other litigation listed in this chart |
| *Doe v. Trump et al* | 3:20-CV-00430 | Western District of Wisconsin | Dismissed by the court before CARES Act Amendments |
| *R.V. et al. v. Mnuchin et al.* | 8:20-cv-01148 | District of Maryland | Court granted in part and denied in part both Plaintiffs' and Defendants' MSJs |

Plaintiff Rueda is unaware of any cases comparable to hers or any court decisions that address claims similar to the claims in her second amended complaint.

### A. The *R.V.* Litigation is not Comparable to Plaintiff's Case

In their filing on this date (Dkt. 81), Defendants refer the Court to the November 4, 2021 Memorandum Opinion in *R.V. v. Mnuchin*. *R.V. v. Mnuchin*, 8:20-cv-1148, 2021 WL 5140202 (D. Md. Nov. 4, 2021). However, *R.V.* is neither a comparable case nor a case that addresses the circumstances presented in Plaintiff Rueda's second amended complaint.

As explained in *R.V.*, plaintiffs were U.S. citizen children and their undocumented parents who challenged, as violating the children's constitutional rights, the parents' ineligibility to receive a $500 credit per qualifying child under the original CARES Act. Although the plaintiff children otherwise met the definition of "qualifying child[ren]," they were excluded from the CARES Act credit because their parents were undocumented and did not have social security numbers. The plaintiff children asserted that the social security number requirement violated their implied right to equal protection under the Fifth Amendment of the U.S. Constitution and subjected them to disparate treatment compared to other U.S. citizen children with parents who have social security numbers. *See* 8:20-cv-01148, ECF 59 at 1-2. Although *Rueda* and *R.V.* both challenge portions of the CARES Act, as this Court recognized, there is no "substantial overlap" as Defendants allege. *See Amador v. Mnuchin*, 476 F. Supp. 3d 125, 135 n.3 (D. Md. 2020). Unlike in *R.V.*, Plaintiff Rueda challenges the amended CARES Act provision §6428(g)(2)(B) (previously §6428(g)(1)(B) in the original CARES Act), which denies her an advance refund for

3

which she is otherwise eligible because she files a joint tax return with a spouse who does not have a social security number.

### a. *R.V.'s* Lawsuit is not the Same as Rueda's

Defendants conflate Plaintiff Rueda's claims as challenging the same "SSN requirement" in the CARES Act as the *R.V.* plaintiffs. This is incorrect. Plaintiff Rueda is a U.S. citizen and has always met the definition of an individual eligible under the CARES Act, unlike the parents of the *R.V.* plaintiffs. Dkt. 31 at 9-10 and Dkt. 66 at 8. Plaintiff Rueda never challenged the CARES Act on the grounds that her husband should have received a credit or that the eligibility requirements were constitutionally infirm. *Id*. Instead, Plaintiff Rueda challenges the CARES Act because it denies *her* a credit on the basis of her marriage even though she is otherwise eligible.

The plaintiff children in *R.V.* asserted a theory of discrimination based on their parents' alienage or immigration status. *See R.V. v. Mnuchin*, 8:20-cv-1148, 2021 WL 5140202, at *7. The Court in *R.V.* analyzed the case in which "a citizen child claims a personal constitutional violation based on government treatment of an undocumented parent." *R.V. v. Mnuchin*, 8:20-cv-1148, 2021 WL 5140202, at *10. By contrast, Plaintiff Rueda asserts a violation of her fundamental right to marriage which is well-defined in Supreme Court precedent as this Court previously held. *See Amador v. Mnuchin*, 476 F. Supp. 3d 125, 152 (D. Md. 2020). *R.V.*'s analysis of cases involving entitlement of non-U.S. citizens to government benefits, and acceptance of Defendants' efficiency and resource conservation justifications for denying tax credits to undocumented individuals, simply do not apply to a U.S. citizen plaintiff who challenges discrimination against her on the basis of marriage.

4

### b. Because Rueda's Case Alleges a Burden on the Fundamental Right to Marriage, the Deferential Standard for Immigration Regulation Defendants Seek Does not Apply Here

After conceding that *R.V.* is about immigration status, Defendants then mistakenly claim that Rueda's claims are also about immigration status. Dkt. 81 at 2. Plaintiff Rueda's claims do not relate to her immigration status or that of her husband. Thus, the deferential standard applied to review immigration regulations is inapposite. *R.V.*'s reasoning does not apply here because it turned on an alleged constitutional harm which is different from the constitutional harm alleged by Plaintiff Rueda. Statutes regulating immigration and naturalization receive rational basis review. Conversely, Plaintiff Rueda's claims that the amended CARES Act infringes on her fundamental right to marriage which triggers strict scrutiny review.

### c. Defendants' Argument that R.V. Controls Here Because the Ruling Applies to all CARES Act Cases Involving children Misunderstands Rueda's Claims

Defendants argue that *R.V.* addressed all claims related to the denial of the $500 credit for children due to social security number requirements and therefore *R.V.* controls consideration of Rueda's claims. Dkt. 81 at 3. This misunderstands the nature of Rueda's claims. Unlike the children plaintiffs in *R.V.* who challenged their parents' inability to receive a tax credit because of immigration status, Plaintiff Rueda seeks the tax credit that she would have otherwise received but which is denied by the CARES Act because of her marriage.

DATED: February 10, 2021                    Respectfully submitted,

                                            */s/ Robert P. Newman*
                                            Robert P. Newman, MBA, Esq.
                                            Attorney & Counselor at Law
                                            801 Wayne Avenue
                                            Suite 400

Silver Spring, MD 20910
Office: 301.892.2713
Fax: 301.883.1533
Text: 301.786.3793
rnewman@rpnewmanlaw.com


MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
*/s /Nina Perales*
Nina Perales (Tex. Bar No. 24005046)*
Fátima Menéndez (Tex. Bar No.24090260)*
Samantha Serna (Tex. Bar No. 24090888)*
110 Broadway, Suite 300
San Antonio, TX 78205
Telephone: 210.224.5476
Facsimile: 210.224.5382
nperales@maldef.org

MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
Thomas A. Saenz (CA Bar No. 159430 )*
Andres Holguin-Flores (CA Bar No. 305860)*
634 S. Spring St., 11th Floor
Los Angeles, CA 90014
Telephone:  (213) 629-2512
Facsimile:  (213) 629-0266
tsaenz@maldef.org

MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND
Andrea Senteno (NY Bar No. 5285341)*t
1016 16th Street NW, Suite 100
Washington, DC 20036
Phone: (202) 293-2828
Facsimile: (202) 293-2849
asenteno@maldef.org

*Admitted pro hac vice
t Not admitted in the District of Columbia


*Counsel for Juana Rueda*

6

## Certificate of Service

      The undersigned counsel hereby certifies that she served a true and correct copy of the above to all counsel of record by filing this document in the Court's ECF system on the 10th day of February 2022.

                                  */s/ Nina Perales*
                                  Nina Perales